(91 South. 72)

**SALE v. KING GRAPHITE CO.** (7 Div. 181.)

(Supreme Court of Alabama. Oct 27, 1921.)

Brokers ⬯75—Broker held entitled under contract to commission only on cash payments on sale of land as received.

Where a broker was given an option to purchase land at a given price payable in cash when conveyance was made, and the owner by a separate contract agreed that, if the broker sold the property and exercised his option, to pay him 10 per cent. of the amount realized, but that, if the terms of the option were modified and the price reduced or the owner agreed to accept part cash and the remainder on time, he should be paid 10 per cent. "of the whole amount so sold for in cash," the words quoted, when interpreted in the light of the provisions of both instruments show an intention to graduate the payment of commissions on the basis of cash received by the owner under a contract of sale, and the broker, on sale of the property on installments, could recover commissions only on the cash payments, as received.

Appeal from Circuit Court, Clay County; E. J. Garrison, Judge.

Action by Clarence Sale against the King Graphite Company. Judgment for defendant, and plaintiff appeals. Affirmed.

E. P. Gay, of Ashland, and C. H. Vann and Stell Blake, both of Roanoke, for appellant.

Two contracts must be construed together. 44 Ala. 355; 8 Ala. 375; 9 Cyc. 580. They can be modified by parol, and declared on as such. 66 Ala. 548; 26 Ala. 748. The defendant cannot claim forfeiture or annulment, or abandon the contract. 139 Ala. 512, 36 South. 725; 136 Ala. 287, 34 South. 975; 75 Ala. 109; 14 Ala. 9. Sale performed the services, and is entitled to compensation. 180 Ala. 541, 61 South. 68; 177 Ala. 236, 59 South. 294. The contract must be construed as consummated so far as Sale is concerned. 44 Ala. 302; 6 Cyc. 699.

R. G. Rowland, of Ashland, for appellee.

Counsel discuss the assignments of error, but without citation of authority.

McCLELLAN, J. Action by appellant (plaintiff) against appellee to recover unpaid commissions claimed by appellant on sale of the properties of the appellee under a contract between these parties. The trial was by the court without jury. Judgment was rendered for defendant, appellee. The only error assigned is addressed to the rendition of judgment for defendant.

Two instruments were executed by these parties on August 30, 1917. They constitute one contract, and are to be construed together. The first in order of appearance in the bill of exceptions is an "option" to purchase given by the appellee to appellant, on terms and to expire as therein stipulated. The purchase price of the properties provided therein was $100,000, payable in cash when conveyance was made. The second (in this record) instrument, after referring to the other writing and making it a part of this instrument, provided as follows:

"Now, it is distinctly understood and agreed that, if the said Sale is successful and exercises his option to purchase said property as per the terms of said agreement, the King Graphite Company agrees to pay him for his services 10 per cent. of the amount sold for. Should the terms of the original option mentioned above be at any time modified by mutual consent, and the amount of $100,000 mentioned in said option or agreement be reduced, or should the terms of payment be agreed to accept part cash and remainder on time with a lien, etc., then in that event said Sale is to be paid a compensation for his services of 10 per cent. of the whole amount so sold for in cash."

The quoted feature of the contract introduced the possibility of a sale for the aggregate purchase price on terms including both cash and credit. The property was sold for $20,000 cash, and $80,000 on credit, with security. Only the cash payment has been paid; and the appellant was paid his commission of 10 per cent. ($2,000) thereon. The appellant is now suing to recover a 10 per cent. commission on the remainder of the purchase price, viz. $80,000. The appellee contends that the appellant's commission was alone measurable by and payable upon the cash received by the appellee, the owner of the properties. Considered as a whole, the terms of the contract between the parties appear to justify the appellee's contention. The words "10 per cent. on the whole amount so sold for in cash," in the quotation ante, when interpreted in the light of all the provisions of both instruments (constituting a single contract), appear to intend to graduate the payment of commissions to appellant on the basis of cash received by the appellee under the contract of sale with the Cahaba Mineral Company, the purchaser, However, if it is assumed or granted that the stipulation quoted is equivocal in meaning and effect, in this particular, the court, trying the issue without jury, was well invited by the orally delivered evidence, somewhat conflict-

ing though it was, to conclude that appellant and appellee construed and acted upon the contract declared on as stipulating for the graduation of commission payments to appellant according to and as cash payments, on the deferred remainder of the purchase price, were or are received by the appellee. It being undisputed that no other cash (than the said $20,000) payment has been made to or received by the appellee, the appellant was not entitled to recover in this action.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.